### THAL et v
### AMERICAN JEWISH AID SOCIETY et

Ohio Appeals, 6th Dist, Lucas Co

Decided May 17, 1937

Hall & Devlin, Toledo, for appellee, Howard L. Laskey, trustee of the estate of The Modern Furniture Company, bankrupt.

John A. Price, Toledo, and Hyman S. Topper, Toledo, for appellants, Hyman S. Topper and Irwin W. Kinney, receivers of American Jewish Aid Society.

### OPINION

By CARPENTER, J.

This cause is in this court on appeal on questions of law and fact. It is submitted on a motion in the nature of an intervening petition filed herein October 28, 1936, by appellee, Howard L. Laskey as trustee of the estate of The Modern Furniture Company, a bankrupt, against the appellants, Hyman S. Topper and Irwin W. Kinney as receivers appointed herein of the defendant, the American Jewish Aid Society. The motion asks the receivers to return or repay to the trustee the sum of $739.13 with interest, claimed to have been unlawfully paid to it by the furniture company.

The trustee's claim is based on a certain order made by the referee in bankruptcy against the aid society. To his motion or petition, an answer called a reply was filed by the receivers. From these pleadings and the orders of the bankruptcy court, copies of which are in the record, the following stated facts appear to be the only ones material, and they are undisputed.

The Modern Furniture Company was adjudicated a bankrupt March 9, 1931, on the petition of creditors. February 20, 1931, while that petition was pending, the furniture company paid a debt of $1339.13 it owed the American Jewish Aid Society and, in turn, was paid by that society its debt to the furniture company of $600, making a balance in favor of the aid society of $739.13, received by it over its proper set-off.

June 13, 1931, Laskey, as such trustee, filed a petition with the referee in bankruptcy asking a summary order against the aid society to require it to re-deliver to the trustee the $739.13 unlawfully collected by it from the furniture company while the bankruptcy petition was pending. August 6, 1934, the referee, having found the sum in question had been so received by the aid society, summarily ordered:

"It is hereby ordered and decreed that said American Jewish Aid Society shall forthwith return and surrender to Howard L. Laskey, trustee of the Estate of The Modern Furniture Company, said sum of seven hundred thirty-nine and 13/100 ($739.13) dollars with interest at six percent from June 26, 1931, within ten days from the entry of this order, and shall pay the costs of this proceeding."

The aid society filed a petition in the District Court asking it to review this finding and judgment of the referee, which petition was denied by the court October 13, 1936, and no appeal was taken from that action.

March 3, 1932, Yetta Thal a creditor of the aid society, filed this action on her claim against the society, and on the same day, on her motion, the receivers, respondents herein were appointed by the court and took charge of all the assets of the aid society, which included cash on hand of $68.23. April 26, 1932, plaintiff's claim was reduced to judgment.

The claim of the trustee is that the title to the money, $739.13, paid by the bankrupt furniture company to the aid society while the bankruptcy petition was pending, never

passed to the society, and therefore became a constructive trust in the hands of the aid society for the benefit of the estate of the bankrupt, and as such trustee, he is entitled to have this money or its equivalent repaid to him in full by the receivers, as a preferred claim from the assets of the aid society in their hands.

The receivers raise some question about the propriety of this kind of a proceeding, but these are not well taken, and we will pass on the merits of the issue involved.

If the aid society were a going concern and the respondent herein, the claim of the trustee would have to be sustained, because the bankruptcy court has properly so ordered, and that order, not having been appealed, is now absolute. But in this proceeding the receivers of the aid society are the respondents. They are the trustees administering the assets of the aid society for the benefit of all its creditors. They were not appointed until over a year after the said society received the money in question from the bankrupt, and so far as the record informs us, none of the money so received came into their possession, nor is it traced into any other property they now hold. The record in this proceeding is silent as to what was done with the money in question by the society.

Now, the claim of the trustee in bankruptcy is a matter, not between the estate he represents and the aid society, but the creditors of that society, whose money, like that of the furniture company, has gone into the possession of the aid society. To take from the general assets of the aid society to pay the furniture company's credit in full would result in the giving to that creditor a preference over the other creditors and an injustice to them, for that would take assets of the estate augmented, so far as we know, by their money as much as that of the furniture company, and would reduce the amount they will receive on their claims.

It is urged that title to the money of the bankrupt furniture company never passed to the aid society and that it held that money as a constructive trustee for the bankrupt. That is true, and if the trust money can be traced to and identified in the hands of the receivers, the trustee can claim it. That would do no injury to other creditors, for it would not take any of their money or assets, but would only be a repossession of the furniture company money or property. But the trustee has offered no evidence to establish such identity, and the

burden is upon him to do so. If it had been proven that there was a sum of cash on hand with the aid society from the time it received the money in question to the appointment of the receivers, it would have been presumed to be that of the bankrupt, and a trust in it would be declared. There was but $68.23 cash on hand when the receivers took over the assets and there is no showing how long it had been in the hands of the society. Smith et, Trustees v Fuller et, Assignees, 86 Oh St 57, 99 NE 214. L.R.A. 1916C, 6; Pontius, Supt. of Bks. v Sears, Roebuck & Co., 16 Oh Ap 240.

The trust principle applies and is available to the claimant trustee as long as the trust res can be followed and identified. When it is lost and it becomes a matter of looking to the general assets of the aid society estate in the hands of the receivers, the trustee's claim can only be a general one along with other creditors of the society, whose equities are fully equal to those of the trustee, or the creditors of the furniture company.

This conclusion does not involve any disregard of the order of the bankruptcy court. That order is addressed to the aid society, and although the receivers were appointed pending summary proceeding before the referee, they were not made respondents therein, and as to them the order does judicially fix the amount of the trustee's claim against the assets in their hands, but it does not determine how or from what it shall be paid by them.

If the aid society were a going concern, coercive measures would be available to make it return the money if unlawfully received, or its equivalent. Should the receivership be raised and those assets returned to the society, the order can be put into effect. As against the society, it is not necessary for the trustee to resort to the trust principle, nor is he required to trace and identify the trust res. The society is bound to pay that claim in full just as all its other debts. Because it cannot do that, either to the trustee or the plaintiff in this cause who now holds a judgment against it for her claim, these receivers were appointed to protect all the creditors.

Counsel for the trustee strenuously urge that it is the duty of the receivers to return the fund in question, as it was the duty of the society. That is true if and when "the fund" is identified or traced. Many cases from various federal courts are cited, but upon an examination of them we find that none of them deal with the principle involved here. In these cases, either the respondent is the person who unlawfully received or owed the money as a constructive trustee, or the fund or property could be and was identified or traced into the hands of the authority holding it for such constructive trustee. In no case cited did the factual situation require the taking of general assets of an estate held for all creditors, to pay one creditor his claim in full.

In the case of Ohio State Bank & Trust Co. v Biltwell Tire & Rubber Co., 23 Oh Ap 409 (2 Abs 205), 155 NE 163, the principle involved here is discussed quite exhaustively by Judge Washburn, and the reasoning and justice of the result reached in that case is unanswerable.

On the record in this case the reasons above stated require a finding and decree that the trustee's claim is a general one against the assets of the estate of the aid society in the hands of the respondent receivers.

Decree accordingly.

LLOYD and OVERMYER, JJ, concur.